**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Urquijo, | No. CV-23-00483-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| City of Mesa, et al., | |
| Defendants. | |

On August 12, 2025, the Court issued on Order granting Defendant City of Mesa's ("Defendant") Motion for Summary Judgment. (See Doc. 75). On September 9, 2025, Plaintiff John Urquijo ("Plaintiff") filed a Motion to Amend Judgment (Doc. 78), requesting that the Court vacate the Summary Judgment Order and accompanying judgment. Defendant filed a Response (Doc. 80), and Plaintiff thereafter filed a Reply (Doc. 81).

## I.    Background

As the facts underlying this action are spelled out at length in Judge Bolton's summary judgment Order (*see* Doc. 78 at 1–5), the Court will not repeat them here. However, briefly, this case arose out of Plaintiff's allegedly wrongful termination by Defendant. (*See generally* Doc. 29). Due to his termination, Plaintiff initially brought suit against Defendant as well as several other individuals on March 20, 2023. (See Doc. 1).

Following a successful Motion to Dismiss (*see* Docs. 17, 25), an Amended Complaint (Doc. 29), and a subsequent Stipulation to dismiss several claims (*see* Docs.

56–57), Plaintiff was left with a 42 U.S.C. § 1983 due process claim and a claim under the Arizona Special Action Rules against Defendant. After the parties engaged in discovery, Defendant filed a Motion for Summary Judgment (Doc. 63), which was then fully briefed by the parties. (Docs. 72, 74). Judge Bolton ultimately granted Defendant's Motion for Summary Judgment and entered judgment in favor of Defendant on August 12, 2025. (Doc. 75). On September 9, 2025, Plaintiff filed the present Motion to Amend, seeking to vacate the judgment as well as Judge Bolton's order. (Doc. 78 at 10). Plaintiff's case was reassigned to the Court on September 19, 2025. (Doc. 79).

## II. Legal Standard

Federal Rule of Civil Procedure 59(e) provides district courts the ability to alter or amend a judgment, upon the receipt of a motion requesting as much. Fed. R. Civ. P. 59(e). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999). A Rule 59(e) motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). "Clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (internal quotations and citation omitted).

## III. Discussion

As an initial matter, Plaintiff claims that Defendant's Response (Doc. 80) was untimely and did not address the arguments presented in his Motion. (*See* Doc. 81 at 2–3). While Defendant's Response was filed outside the deadline for a responsive pleading, Defendant states that, because it believes Plaintiff's Motion "does not meet the requirements of a legitimate Rule 59 motion," Defendant views it "more appropriately as

a motion for reconsideration, for which no response is permitted absent an order of the Court." (Doc. 80 at 2). Therefore, Defendant did not file a substantive response. (*Id.*) Nonetheless, the Court will not summarily grant Plaintiff's Motion as Plaintiff requests. First, Defendant, even if incorrect, reasonably construed Plaintiff's Motion as one for reconsideration. Second, Local Rule 7.2(i) states that a court "*may* dispose of the motion summarily," not that it must. LRCiv. 7.2(i) (emphasis added). Given the extraordinary nature of Plaintiff's requested relief, the Court will not summarily rule on this Motion and will proceed to the merits of Plaintiff's arguments.

### A.    Due Process Claim

Plaintiff alleged a claim against Defendant under 42 U.S.C. § 1983 for violations of his Fourteenth Amendment due process rights, on which Defendant moved for summary judgment. The Court concluded that "Plaintiff has not presented sufficient evidence to establish a deprivation of a constitutional right arising from a violation of due process. As such, Plaintiff cannot establish a necessary element to bring a municipal liability claim under Section 1983." (Doc. 75 at 9). In so ruling, the Court stated:

> The undisputed evidence is that Plaintiff had an opportunity to be heard prior to his termination, and that the pre-deprivation officer recommended Plaintiff's termination only after weighing Plaintiff's testimony and evidence provided during the hearing, along with Plaintiff's disciplinary history. (SOF ¶¶ 9–14; CSOF ¶¶ 9–14.) After the appeal hearing, the termination decision was unanimously upheld by the Personnel Board and affirmed by the City Manager. (SOF ¶¶ 21–28; CSOF ¶¶ 21–28.) The Court agrees with the City that the nature of the pre-termination hearing mitigated "the risk of an erroneous deprivation" because Plaintiff had an opportunity to offer his side of the story, present evidence, and ask questions. *Mallen*, 486 U.S. at 244; (SOF ¶¶ 10–11; CSOF ¶¶ 10–11.)

(*Id.*)

### 1.    Delay in Post-Deprivation Appeal

Currently, Plaintiff argues that Judge Bolton "erred in finding that the two year [sic] delay between March, 2021 and April, 2023 was justified by the COVID epidemic." (Doc. 78 at 4). To substantiate his contention, Plaintiff asserts that "Defendants' excuse for the 25 month delay is the COVID epidemic but (1) there is no admissible evidence

before the court that the COVID epidemic restricted the City or its Personnel Appeals Board ability to function normally after June, 2021, and (2) Urquijo presented evidence that COVID restrictions and protocols had ended for Mesa by June, 2021 at the latest." (*Id.* at 4–5). However, Plaintiff raised the exact same argument in his opposition to summary judgment. (*See* Doc. 72 at 9–10 ("The Defendants' excuse for the 25 month delay is the COVID epidemic but (1) there is no admissible evidence before the court that the COVID epidemic restricted the BAP's ability to function normally after June, 2021, and (2) Urquijo has presented that COVID restrictions and protocols had ended for Mesa by June, 2021 at the latest.")).

In renewing his verbatim argument from his prior brief, Plaintiff does not point to any new evidence, change in controlling law, or clear error. (*See* Doc. 78 at 4–5). Plaintiff merely claims that "there is no factual basis for the Defendant's COVID excuse after June, 2021." (*Id.* at 5). Not only is it improper to re-raise arguments in a Rule 59 motion, *see Bolander v. First Boulder Valley Bank*, 9 F.3d 1550, at *1 (9th Cir. 1993) ("A Rule 59(e) motion is not the proper vehicle for rehashing arguments which the court has previously considered and rejected."), but also this argument fails to address that the Court ruled that Plaintiff did not meet his evidentiary burden.

Additionally, Plaintiff argues that Judge Bolton "erred in determining that the timely *Loudermill* pre-termination hearing which resulted in the initial termination decision minimized or mitigated the harm caused by the over two year [sic] delay in providing Urquijo with his post-termination hearing before the City Personnel Appeals Board." (Doc. 78 at 5 (emphasis omitted)). Plaintiff continues to recite his perceived issues pre-termination hearings but does not cite any record evidence or law to support his claims. Plaintiff only cites two Ninth Circuit cases, *Clements v. Airport Authority of Washoe County*, 69 F.3d 321 (9th Cir. 1995) and *Shahrivar v. City of San Jose*, 752 Fed. App'x. 415 (9th Cir. 2018), for the premise that a decision maker in a pre-termination hearing need not be impartial. (*See* Doc. 78 at 5–6). Plaintiff offers a quote from each of these cases but provides no further analysis on this issue, nor does he tie these cases to a reason for

granting relief under Rule 59(e).  Further, it is not clear why Plaintiff could not have raised any arguments concerning his *Loudermill* hearing in his Response to the Motion for Summary Judgment, which he did not do.  (*See* Doc. 72).

In short, Plaintiff has provided no basis for determining that relief under Rule 59(e) is warranted regarding his § 1983 due process claim.

### B.    Arizona Special Action Rules

Plaintiff also challenges the Court's decision granting summary judgment on Plaintiff's claim for "Special Action" from Defendant's termination decision.  Plaintiff's "Special Action" was brought under Arizona's "Rules of Procedure for Special Actions." Ariz. R.P. Spec. Act. ("ARPSA") 1(a).  Judge Bolton ruled that "[t]he Special Action Rules define a set of procedural mechanisms to bring a claim in state court; such rules do not constitute 'state law claims.'  As such, there is no basis for the Court to assert supplemental jurisdiction because there is no state law claim at issue." (Doc. 75 at 10).

Plaintiff contends that because Arizona's "common law writ of mandamus…is codified in the ARPSA" and "since the facts supporting [his special action] are directly related to other claims in [Plaintiff's] Second Amended Complaint, the Court had supplemental jurisdiction and should have ruled on the motion for summary judgment on that claim based upon the merits rather than summarily dismissing the claim." (Doc. 78 at 9).  Although this argument again attempts to relitigate an issue taken up in the summary judgment briefing, the Court agrees with Judge Bolton that the Arizona Rules of Procedure for Special Actions do not create a substantive cause of action amounting to a state court "claim." (Doc. 75 at 9 (internal quotation marks omitted)).  Rather, the Rules spell out the procedure for obtaining relief from a decision of a lower court, administrative body, or officer.  *See* ARPSA 4.  Moreover, the case law provided by Plaintiff is not binding state authority, and none of the cases support the premise that the Court has jurisdiction over a standalone special action proceeding between non-diverse parties.  *See Miller v. Mohave Cnty.*, 2012 WL 1078828, at *1–2 (D. Ariz. 2012) (there was no special action brought in this case); *Farris v. Advantage Capital Corp.*, 2006 WL 3218660, at *3–4 (D. Ariz. 2006)

(declining to remand the plaintiff's special action because the court "sitting in diversity, would sit in the same posture as the Arizona state court"); *Abendano v. Town of Hayden*, 2014 WL 3926806 (D. Ariz. 2014) (declining to dismiss a special action on timeliness grounds and because ARPSA 7 did not apply).[1]  As such, Plaintiff has not shown that Judge Bolton's conclusion was wrong because it was illogical, implausible, or without inferential support that may be drawn from facts in the record.  *See Govt. of Guam v. Guerrero*, 11 F.4th 1052, 1059 (9th Cir. 2021).

What is more, even if Plaintiff's special action constituted a state law claim, Plaintiff did not have a right to the exercise of supplemental jurisdiction.  When Judge Bolton declined supplemental jurisdiction, it was clear that Plaintiff had no remaining claims under federal law and that Plaintiff and Defendant are nondiverse parties.  (*See* Doc. 75 at 9; Doc. 29 at 2–3).  The exercise of supplemental jurisdiction is entirely within the court's discretion.  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 716 (1966).  District courts may decline to exercise supplemental jurisdiction under § 1367 when the district court has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c).  Therefore, the Court perceives no circumstances warranting Rule 59(e) relief.  Plaintiff has not demonstrated any new evidence, change in controlling law, or clear error that was manifestly unjust.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Amend Judgment (Doc. 78) is **DENIED**.

Dated this 24th day of July, 2026.

Honorable Diane J. Humetewa
United States District Judge

---

[1] The Court further notes that, in *Abendano*, the plaintiff's first amended complaint re-alleged a claim under 42 U.S.C. § 1983, and the case was then settled and dismissed by stipulation.  (*See* 2:14-cv-1104-DGC Docs. 12, 23, 25).  Therefore, the *Abendano* court never considered the issue presently before Judge Bolton or the Court.